762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES MANNA, A/K/A JAMES LACOPELLI, PLAINTIFF-APPELLANT,
v.
UNITED STATES OF AMERICA, DEFENDANT-APPELLEE.
 NO. 83-1711
 United States Court of Appeals, Sixth Circuit.
 3/11/85
 
 ORDER
 BEFORE: KENNEDY and WELLFORD, Circuit Judges; and WEICK, Senior Circuit Judge.
 
 
 1
 Plaintiff moves for the appointment of counsel on appeal from a district court order dismissing his civil rights complaint. The case has been assigned to a penal of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs and record, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The facts underlying this cause of action emanate from a series of events which occurred in July of 1980 in Hobart, Indiana. Plaintiff Manna and one Raymond L. Fisher were arrested by Hobart city police on misdemeanor charges stemming from alleged dealings in counterfeit coins. The evidence seized from Manna's person and Fisher's car was later turned over to federal authorities who instituted criminal proceedings against plaintiff in the Northern District of Indiana for passing counterfeit coins in violation of 18 U.S.C. Sec. 485. Prior to trial, plaintiff's attorney moved to suppress the evidence seized at the arrest on the basis that plaintiff's Fourth Amendment rights had been violated. On October 15, 1980, United States District Judge Jesse E. Eschbach granted plaintiff's motion to suppress. The government then evaluated its case in light of this ruling and on February 12, 1981, voluntarily dismissed the indictment against the plaintiff.
 
 
 3
 On July 6, 1982, plaintiff filed the present civil action in the United States District Court for the Eastern District of Michigan. The complaint named the United States as a defendant as well as Michael D. Bobele, the Hobart city police officer who had effected plaintiff's arrest. The complaint sought $1 million in punitive and compensatory damages and presented a variety of claims. First, plaintiff sought the return of property seized before and after his arrest in Hobart, Indiana. Secondly, plaintiff asserted a constitutional tort claim against the United States for violation of his Fourth Amendment rights under the authority of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). In connection with this allegation, plaintiff also asserted a civil rights claim against Officer Bobele under 42 U.S.C. Sec. 1983. Thirdly, plaintiff asserted a false imprisonment claim against the United States under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b). Plaintiff alleged that Officer Bobele was acting on behalf of the federal government when he effected the arrest.
 
 
 4
 On November 29, 1982, the district court granted defendant Bobele's motion to dismiss. On October 6, 1983, the court dismissed plaintiff's claims against the United States.
 
 
 5
 Upon consideration of the briefs and record, we conclude that the district court's findings of fact and conclusions of law are correct.
 
 
 6
 It appearing that the questions presented on appeal are so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 7
 It is ORDERED that plaintiff's motion for appointment of counsel be denied. For the reasons stated by the district court in its memorandum opinions of November 23, 1982, and September 29, 1983, the decision of the district court is affirmed.